# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

CYRUS PETTIS,

    Plaintiff,

v.                                                      Case No. 5:19-cv-491-TKW/MJF

MARK S. INCH, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

The clerk of the court referred this case to the undersigned upon Plaintiff's failure to respond to the undersigned's order to show cause. For the reasons set forth below, the undersigned recommends that this action be dismissed without prejudice for failure to comply with two court orders and failure to prosecute.[1]

### I. BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, commenced this action pursuant to 42 U.S.C. § 1983. (Doc. 1). At the time Plaintiff filed his complaint, Plaintiff was an inmate in custody of the Graceville Correctional Institution. (*Id.*). On or about April 13, 2020, Plaintiff was released from custody. (Doc. 6). After a review

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

of Plaintiff's complaint, the undersigned noted that Plaintiff's complaint did not state a claim and ordered Plaintiff to amend his complaint or file a notice of voluntary dismissal. (Doc. 7). The undersigned provided Plaintiff until September 30, 2020, to comply with that order. (*Id.*). The undersigned warned Plaintiff that failure to comply likely would result in dismissal of this case. Plaintiff did not comply with the undersigned's order.

Accordingly, on October 7, 2020, the undersigned issued an order directing Plaintiff to show cause why this case should not be dismissed for failure to comply with a court order and failure to prosecute. (Doc. 10). The undersigned imposed a deadline of October 21, 2020, to comply. As of the date of this report and recommendation, Plaintiff has not responded to this court's orders.

## II. DISCUSSION

The undersigned recommends that this action be dismissed in light of Plaintiff's failure to comply with two court orders and his failure to prosecute.

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017);

*Equity Lifestyle Prop., Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1)  The duration of Plaintiff's failure to comply.** On September 9, 2020, the undersigned directed Plaintiff to amend his complaint or file a notice of voluntary dismissal. The undersigned imposed a deadline of September 30, 2020, to comply. Thus, Plaintiff has failed to comply with that order since September 30, 2020. Plaintiff was provided more than seven months to comply with the undersigned's orders.

**(2)  Plaintiff's failure to comply with two court orders.** The Plaintiff has failed to comply with two court orders:

   a.  the order issued on September 9, 2020; and

   b.  the order issued on October 7, 2020.

**(3) Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned twice warned Plaintiff that failure to comply with the respective orders likely would result in dismissal. (Docs. 7, 10). Despite these warnings, Plaintiff has not complied with the undersigned's orders.

**(4) Plaintiff is likely to suffer prejudice from the dismissal.** Plaintiff likely will suffer prejudice from the dismissal insofar as the statute of limitations likely ran in 2020.[2] For this reason, the undersigned provided Plaintiff with additional time to comply with the undersigned's order and thereby prevent dismissal.

---

[2] Plaintiff commenced this section 1983 action on November 21, 2019. (Doc. 1 at 8). He alleges that Defendants misdiagnosed his knee pain from 2012-2016. Plaintiff alleges that on an unspecified date in 2016, Dr. Alvarez correctly diagnosed his knee pain and he underwent a double hip replacement later in 2016. (*Id.* at 6-7). In Florida, the statute of limitation for a section 1983 claim generally is four years. *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (citation omitted). The statute of limitations begins to run from the date "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Brown v. Ga Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003). Section 1983 claims, therefore, accrue when the plaintiff knows or has reason to know that he has been injured and is aware or should have been aware who has inflicted the injury. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987); *see Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("[T]he standard rule [is] that accrual occurs when the plaintiff has a complete and present cause of action."). The facts which would support Plaintiff's cause of action likely were apparent or should have been apparent in 2016 when Dr. Alvarez "correctly" diagnosed Plaintiff. Accordingly, it is likely that the statute of limitations ran sometime in 2020.

**(5) The proper balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard.** The Plaintiff has been afforded an opportunity to be heard and has received due process consistent with the primary stage of his civil action. The court's need to ensure that court orders are obeyed, and the need to dispose of cases that are not being actively prosecuted, outweighs any due process right that Plaintiff may have in this case remaining pending and inactive.

**(6) The public policy favoring disposition of cases on their merits.** The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition and the need to ensure compliance with court orders.

**(7) The fact that any lesser sanction would be inefficacious.** Based on Plaintiff's prior conduct, it is likely that Plaintiff would ignore future orders directing Plaintiff to comply. Additionally, because Plaintiff is proceeding *pro se* and *in forma pauperis*, it is unlikely that imposition of a fine would motivate Plaintiff to comply. Dismissal is an appropriate sanction to address the important objectives and interest of justice discussed above.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for Plaintiff's failure to comply with two court orders and failure to prosecute.

2. The clerk of the court be directed to close the case file.

At Pensacola, Florida, this <u>10th</u> day of May, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**